# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| VOCALIFE LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:19-CV-00123-JRG |
| | § | |
| AMAZON.COM, INC., AMAZON.COM, LLC, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants Amazon.com, Inc. and Amazon.com, LLC's (collectively, "Amazon") Motion to Transfer Venue to the Northern District of California Pursuant to 28 U.S.C. § 1404(a) (the "Motion"). (Dkt. No. 23.) Since the Motion and subsequent briefing does not clearly show that the Northern District of California is clearly more convenient than the Eastern District of Texas, the Court is of the opinion that the Motion should be **DENIED**.

## I. BACKGROUND

### A. The Invention and Its Inventors

In the late 2000's, Dr. Qi Li and Dr. Manli Zhu worked together at Li Creative Technologies Inc. ("Li Creative") to develop circular microphone arrays. This work resulted in the issuance of U.S. Patent No. 8,861,756 (the "'756 Patent") and its subsequent reissuance — U.S. Patent No. RE47,049 (the "'049 Patent" or the "Asserted Patent") to Li Creative. (Dkt. No. 1 at ¶¶ 16–17, 20.) The commercial embodiment of this work is the CrispMic II, which is a "[f]ar-field microphone array with dynamic beam forming sound source localization, sound tracking, and noise reduction" which is for use with "smart speakers, robotic devices, smart appliances, and other IoT [Internet of Things] platforms that require far-field voice capture, speech recognition,

and voice control." (Dkt. No. 23-11.) Li Creative is located in New Jersey, where Dr. Li resides. (Dkt. No. 31-1 at ¶ 5.)

### B. Vocalife

Plaintiff Vocalife LLC ("Vocalife") acquired the Asserted Patent from Li Creative in December 2018. (Dkt. No. 31-1 at ¶ 5.) Vocalife is a Texas limited liability company which maintains its principal place of business at 7300 Lone Star Drive, C200, Plano, Texas 75024. (Dkt. No. 31-1 at ¶¶ 3, 6.) From its Plano office Vocalife, conducts business related to the CrispMic II, and the Plano office often works in conjunction with Vocalife's office in New Jersey related to the CrispMic II. Two Vocalife employees work in the Texas office conducting research and development activities as well as marketing and sales of the Crisp Mic II. (*Id.* at ¶¶ 14–15.) Dr. Li serves as Vocalife's president and regularly visits the Plano office on at least a monthly basis. (*Id.* at ¶¶ 1, 6.)

### C. The Instant Lawsuit

Vocalife filed a complaint against Amazon on April 16, 2019 (the "Complaint") asserting that certain Amazon products (the "Accused Products") infringe the '049 Patent. (Dkt. No. 1.) These accused products include virtual assistant smart speakers utilizing Amazon "Alexa" technology. (*Id.* at ¶ 25.) Amazon is organized under the laws of the State of Delaware and is headquartered at 410 Terry Avenue North, Seattle, Washington 989109-5210. (*Id.* at ¶¶ 2–3.)

In the Complaint, Vocalife alleged that on or about October 17, 2011 Dr. Li traveled to the A2Z Development Center, Inc. d/b/a Lab 126 ("Lab 126"), which is the hardware design arm of Amazon, to perform a confidential demonstration of Li Creative's circular microphone array. (Dkt. No. 1 at ¶¶ 22, 23.) Lab 126, along with evidence relating to the design, development, and functionality of the Accused Products, is located in Sunnyvale, California, in the Northern District

of California. (Dkt. No. 23-4 at ¶ 2.) Following that meeting and despite the confidential demonstration, Amazon ceased to communicate with Dr. Li concerning the microphone technology. (Dkt. No. 1 at ¶ 24.) Vocalife now contends that Amazon is infringing on the Asserted Patent by making, using, selling, and offering to sell microphone array systems technology and associated software.

Amazon contends that the Eastern District of Texas is an inconvenient location for the instant lawsuit and that the Northern District of California would be more convenient to the parties and their witnesses. (Dkt. No. 23 at 1.) Accordingly, Amazon asks this Court to "transfer this action to the United States District Court for the Northern District of California." (*Id.*)

## II. LEGAL STANDARD

If venue in the district in which the case is originally filed is proper, the court may nonetheless transfer a case based on "the convenience of parties and witnesses" to "any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). The threshold inquiry when analyzing eligibility for § 1404(a) transfer is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) [hereinafter *Volkswagen I*]. As such, to prove that transfer is proper, the movant must establish that, as of the time of filing, each party "would have been amenable to process in . . . the transferee court" and that "venue as to all [parties] would have been proper [there]." *See Liaw Su Teng v. Skaarup Shipping Corp.*, 743 F.2d 1140, 1148 (5th Cir. 1984), *overruled on other grounds by In re Air Crash Disaster Near New Orleans*, 821 F.2d 1147 (5th Cir. 1987); *accord Hoffman v. Blaski*, 363 U.S. 335, 342–44 (1960).

Once this initial threshold has been met, courts determine whether the case should be transferred by analyzing various public and private factors. *See Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963); *accord In re Nintendo Co., Ltd.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009). The private factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *Volkswagen I*, 371 F.3d at 203 (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)). The public factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Id.* These factors are to be decided based on "the situation which existed when suit was instituted." *Hoffman*, 363 U.S. at 343. Though the private and public factors apply to most transfer cases, "they are not necessarily exhaustive or exclusive," and no single factor is dispositive. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314–15 (5th Cir. 2008) [hereinafter *Volkswagen II*].

To prevail on a motion to transfer under § 1404(a), the movant must show that transfer is "clearly more convenient" than the venue chosen by the plaintiff. *Id.* at 315; *accord In re Apple Inc.*, 456 F. App'x 907, 909 (Fed. Cir. 2012) (holding that a movant must "meet its burden of demonstrating [] that the transferee venue is 'clearly more convenient.'") (internal citation omitted). Absent such a showing, plaintiff's choice of venue is to be respected. *Volkswagen II*, 545 F.3d at 315. When deciding a motion to transfer under § 1404(a), the court may consider undisputed facts outside of the pleadings such as affidavits or declarations, but it must draw all reasonable inferences and resolve factual conflicts in favor of the non-moving party. *See Sleepy*

*Lagoon, Ltd., v. Tower Grp., Inc.*, 809 F. Supp. 2d 1300, 1306 (N.D. Okla. 2011); *see also Cooper v. Farmers New Century Ins. Co.*, 593 F. Supp. 2d 14, 18–19 (D.D.C. 2008).

## III. DISCUSSION

### A. This Action Could Have Been Filed in the Northern District of California.

An action can only be transferred under 28 U.S.C. § 1404(a) if the action could have originally been brought in the proposed transferee court. *Volkswagen I*, 371 F.3d at 203. Thus, as a threshold matter, it must be determined whether Vocalife could have initiated this suit in the Northern District of California. "Any civil action for patent infringement may be brought in the judicial district where . . . the defendant has . . . a regular and established place of business." 28 U.S.C. § 1400(b). Amazon has design and development facilities for the Accused Products in the Northern District of California. (Dkt. No. 23 at 7.) Therefore, the Court finds that the threshold requirement for transfer under § 1404(a) has been satisfied.

### B. The Private and Public Interest Factors do not Weigh in Favor of Transfer.

#### 1. Private Transfer Factors

##### a) Relative Ease of Access to Sources of Proof

When considering the relative ease of access to sources of proof, a court looks to where documentary evidence, such as documents and physical evidence, are stored. *Volkswagen II*, 545 F.3d at 316. Despite technological advances in transportation of electronic documents, physical accessibility to sources of proof continues to be a private interest factor to be considered. *See Volkswagen II*, 545 F.3d at 316. For this factor to weigh in favor of transfer, Amazon must show that transfer to the Northern District of California will result in more convenient access to sources of proof. *See Diem LLC v. BigCommerce, Inc.*, No. 6:17-cv-186, 2017 WL 6729907, at *2 (E.D. Tex. Dec. 28, 2017).

Amazon argues that the Northern District of California is more convenient because Lab 126 is located in Northern California and any document or witness relevant to this action not located within the Northern District of California is located in nearby Seattle. (Dkt. No. 23 at 7.) Amazon further contends that it has no relevant technical or financial documents located in this District. (*Id.*)

On the other hand, Vocalife argues that the Northern District of California is not clearly more convenient than this District because regardless of whether transfer occurs, Amazon will have to transport documents from Seattle. (Dkt. No. 31 at 9.) Furthermore, Vocalife points out that all of its documents are kept in this District, not in New Jersey as Amazon contends, and not in California. (*Id.* at 10.)

While it is clear that the parties disagree as to what quantum of evidence Vocalife maintains in this District, this Court must resolve all factual discrepancies in favor of the non-movant, Vocalife. *See Sleepy Lagoon, Ltd.*, 809 F. Supp. 2d at 1306. Thus, the Court finds for this analysis that all of Vocalife's documents supporting this action are located in this District. While Amazon would have this Court neutralize Vocalife's contribution to this factor, Amazon has not shown that Vocalife moved its documents to this District for the specific purpose of manipulating venue. In fact, Dr. Li has stated that Vocalife conducts business related to the research, development, and sale of the CrispMic II from its office in this District. (Dkt. No. 31-1 at ¶ 10.) Vocalife may have opened the Plano office to assist with litigation, but without more such conduct is not sufficient to find that documents were transferred for the sole purpose of venue manipulation.

Additionally, by Amazon's own admission, much of Amazon's evidence is located in Seattle, not the Northern District of California, so whether this case is tried in this District or in California, Amazon's sources of proof must be transported. It is not entirely clear that moving

(largely electronic) documents from Seattle to San Francisco is more convenient than moving documents from Seattle to this District. *See PersonalWeb Technologies v. NEC Corp. of Am., Inc.*, No. 6:11-cv-655, 2013 WL 9600333, at *14 (E.D. Tex. Mar. 21, 2013) ("Amazon's documents are located in Seattle, so Amazon will have to transport them regardless of whether the case is tried in Tyler or San Francisco. The Court is skeptical of the true 'convenience increase' by only having to transport documents to San Francisco.") Considering that Vocalife's documents are located in this District and the minor "convenience increase" to Amazon, the Court finds that this factor weighs slightly against transfer.

### b) The Availability of a Compulsory Process to Secure the Attendance of Witnesses

The second private factor instructs the Court to consider the availability of compulsory process to secure the attendance of witnesses, particularly non-party witnesses whose attendance may need to be secured by court order. *In re Volkswagen II*, 545 F.3d at 216. The Court gives more weight to those specifically identified witnesses and affords less weight to vague assertions that witnesses are likely located in a particular forum. *See Novelpoint Learning v. Leapfrog Enter.*, No. 6:10-cv-229, 2010 WL 5068146, at *6 (E.D. Tex. Dec. 6, 2010).

Amazon argues that this factor favors transfer because more third-party witnesses reside within the Northern District of California. (Dkt. No. 23 at 8.) Specifically, the persons who were present at the alleged Lab 126 meeting, namely Matt Holland and Jerry Wu, reside in the San Francisco Bay area. (*Id.* at 9.) Additionally, Amazon contends that an author of important prior art—Mr. Wei Li—resides in Northern California and Amazon intends to use this witness to support an inequitable conduct defense and counterclaim. (*Id.*)

Vocalife has advised the Court that both Dr. Zhu and Wei Li are willing to travel to this District for this case, which negates the relevance of the availability of compulsory process. (Dkt.

7

No. 31 at 10.) Vocalife also contends that Amazon has failed to meet its burden on this factor because it has not provided details about the potential testimony from former Lab 126 employees, as such, these witnesses should not be afforded any weight. (*Id.* at 11.) Finally, Vocalife identifies Dr. John Hansen, who has knowledge about the development of the inventions disclosed in the Asserted Patent and is located in Plano, Texas. (*Id.*) Taken together, Vocalife argues this factor weighs against transfer. Amazon replies that Vocalife specifically identified its Lab 126 employees in its Complaint, thus, Vocalife plainly would consider their testimony to be important. (Dkt. No. 39 at 3.) Further, Amazon points out that Vocalife fails to identify any relevant information that Dr. Hansen will contribute that cannot also be obtained from Dr. Li. (*Id.*)

Under these circumstances, this factor is neutral. Amazon identified three non-party witnesses—Matt Holland, Jerry Wu, and Wei Li—who live in Northern California. However, Amazon failed to provide details about the importance of Jerry Wu or Matt Holland's testimony. As a result, the Court affords little weight to this potential testimony. *See Adaptix, Inc. v. Cellco Partnerhsip*, No. 6:15-cv-45, Dkt. No. 32 at 7 (E.D. Tex. Aug. 12, 2015) (finding that litigants should not only identify potential witnesses but should also identify the relevance and materiality of the information such witnesses would provide). Amazon did identify Mr. Wei Li along with the substance and importance of his expected testimony. However, Amazon does not aver that Mr. Li is an unwilling third-party witness such that the compulsory process may be necessary. In fact, Vocalife represented to this Court that Mr. Li is willing to travel for this District. Accordingly, the fact that Mr. Li is not subject to compulsory process does not favor transfer. *See EON Corp. IP Holdings, LLC v. Asustek Computer Int'l & Asustek Computer Inc.*, No. 6:12-cv-941, 2014 WL 11619167, at *3 (E.D. Tex. Mar. 28, 2014), *adopted sub nom. EON Corp. IP Holdings, LLC v. Asustek Computer Int'l*, No. 6:12-cv-941, 2014 WL 12639944 (E.D. Tex. June 3, 2014), *and*

*adopted sub nom. EON Corp. IP Holdings, LLC v. Asustek Computer Int'l*, No. 6:12-cv-944, 2015 WL 11197826 (E.D. Tex. Jan. 26, 2015).

Likewise, Vocalife's identification of Dr. John Hansen does not weigh against transfer. Vocalife states that Dr. Hansen is familiar with the inventions disclosed in the Asserted Patent but fails to state the importance of his testimony or provide a good faith basis that Vocalife intends to call him. *See Tinnus Enterprises, LLC v. Telebrands Corp.*, No. 6:17-cv-00170-RWS, 2018 WL 1242050, at *4 (E.D. Tex. Mar. 9, 2018) ("[T]he parties have listed witnesses in and around each forum without stating the importance of their testimony or providing a good faith basis that they intend to call them at trial . . . Thus, the Court has difficulty placing stock into the attorney assertions in the briefing . . .") Accordingly, the Court finds that this factor is neutral.

### c) *Cost of Attendance for Willing Witnesses*

In analyzing this factor, all parties and witnesses must be considered. *Volkswagen I*, 371 F.3d at 204. "The convenience of the witnesses is probably the single most important factor in a transfer analysis." *In re Genentech, Inc.*, 566 F.3d 1338, 1343 (Fed. Cir. 2009) (quoting *Neil Bros. Ltd. v. World Wide Lines, Inc.*, 425 F. Supp. 2d 325, 329 (E.D.N.Y. 2006). "When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *Id.* at 1343 (citing *Volkswagen II*, 545 F.3d at 317).

Amazon argues that the convenience and cost of attending trial for party witnesses favors transfer. (Dkt. No. 23 at 9.) Specifically, Amazon identifies Phil Hilmes and Aleksander Pance, Lab 126 employees, as Amazon witnesses familiar with the accused features of the Accused Products who reside in Northern California. (Dkt. No. 39 at 4.) Furthermore, Amazon states that there are no Amazon personnel who were involved in the design and development of the audio processing for the "Alexa" devices in the Eastern District of Texas. (Dkt. 23-4 at ¶ 4.) Amazon

9

also argues that any Amazon witnesses not located in Northern California, are located in Seattle, and travel from Seattle to San Francisco would be far more convenient than travel from Seattle to this District. (Dkt. No. 23 at 10.) Along those same lines, Amazon states that transfer would not add a significant additional burden on Vocalife's witnesses traveling from New Jersey and New York as either the Northern District of California or this District would require approximately six hours of flight time from New Jersey or New York. (*Id.*)

Vocalife argues that five of its key witnesses either reside in this District or have stated their willingness to travel to this District. (Dkt. No. 31 at 12.) Additionally, Vocalife argues that Amazon employs many people in Texas who may have relevant information regarding the Accused Products. (*Id.*) Finally, Vocalife points out that lodging and meals are likely to be significantly less expensive in this District than in Northern California. (*Id.*) Amazon replies that the witnesses located in this District identified by Vocalife should be afforded little weight because they are either experts or lack relevant information. (Dkt. No. 39 at 4.)

The Court affords most weight to those witnesses who are specifically named. Amazon has specifically named two witnesses located in the Northern District of California and described their relevance. Likewise, Vocalife has identified two witness located in this District and described their relevance. Vocalife has also identified two witnesses, one of which lives in New Jersey and the other in New York. By Amazon's own admission, the New Jersey and New York witnesses can more easily travel to Marshall than the Northern District of California, though the difference is not huge. (*See* Dkt. No. 23 at 10.) Furthermore, many of the witnesses Amazon avers to are not located in the Northern District of California but in Seattle, making travel inevitable regardless of transfer. Finally, while air travel may be cheaper to the Northern District of California, that is but one factor for the Court to consider. The Court may also consider the costs for lodging and meals, which will

likely be significantly less expensive in East Texas than in the Northern District of California. *See Realtime Adaptive Streaming LLC v. Amazon.com, Inc.*, No. 6:17-cv-00549-JRG, 2018 WL 4444097, at *6 (E.D. Tex. Sept. 5, 2018) ("[T]he Court notes airfare is only one factor in the cost of attendance: lodging and meals are likely to be significantly less expensive in Tyler than in Seattle.") Accordingly, considering the greater number of Amazon witnesses in the Northern District of California[1] against the extra distance required for Vocalife witnesses and the overall additional expense of trial in Northern California, the Court finds that this factor is neutral.

### d) Other Practical Problems

Practical problems include those that are rationally based on judicial economy. Particularly, the existence of duplicative suits involving the same or similar issues may create practical difficulties that will weigh heavily in favor or against transfer. *Eolas Techs., Inc. v. Adobe Sys., Inc.*, No. 6:09-cv-446, 2010 WL 3835762, at *6 (E.D. Tex. Sept. 28, 2010), *aff'd In re Google, Inc.*, 412 F. App'x. 295 (Fed. Cir. 2011). Since the parties have not presented arguments on this factor, the Court finds that this factor is neutral.

### 2. Public Transfer Factors

The parties agree that the public interest factors are neutral, aside from the administrative difficulties flowing from court congestion and local interest considerations.

### a) Administrative Difficulties Flowing from Court Congestion

There is no dispute that this District's time to trial is shorter than the Northern District of California's time to trial. (Dkt. No. 23 at 13); (Dkt. No. 31 at 13.) Accordingly, the Court finds that this factor weighs against transfer.

---

[1] While Amazon has only identified a few witnesses in the Northern District of California, it is not lost on the Court that many of Amazon's witnesses will likely come from that part of the country. However, as stated above, the Court gives more weight to those witnesses specifically identified.

11

### b) *Local Interest in Having Localized Interests Decided at Home*

The Fifth Circuit has explained that "[j]ury duty is a burden that ought not to be imposed upon the people of community which has no relation to the litigation." *In re Volkswagen I*, 371 F.3d at 206. Local interests that "could apply virtually to any judicial district or division in the United States" are disregarded in favor of particularized local interests. *In re Volkswagen II*, 545 F.3d at 318.

Amazon argues that the Accused Products were created in the Northern District of California and as a result, that district has an interest in adjudicating a dispute regarding such technology. (Dkt. No. 23 at 12.) Furthermore, Amazon employs over 8,000 people in Northern California. Finally, Amazon argues that Vocalife's allegations concerning the Lab 126 meeting directly tie this action to Northern California. (*Id.*)

Vocalife argues that this District has a local interest in this dispute because Vocalife is a Texas entity with its main office, all of its books and records, commercial products, and at least two employees located in this District. (Dkt. No. 31 at 13.) Additionally, Amazon maintains multiple tech hubs, fulfillment and distribution centers, and Amazon Lockers in Texas and in this District. (*Id.*) Vocalife contends that its presence coupled with Amazon's presence in this District weighs against transfer.

Amazon replies that Amazon's presence in this District is irrelevant because it has fulfillment centers and lockers throughout Texas and the country. (Dkt. 39 at 5.) Furthermore, Vocalife's presence in this District should not be afforded any weight because Vocalife's presence is ephemeral. (*Id.* at 4.)

Vocalife sur-replies that Amazon has no evidence to support its allegations that Vocalife's presence is ephemeral. (Dkt. No. 42 at 5.) Additionally, Amazon's argument that its presence in this District is irrelevant has already been rejected by this Court. (*Id.*)

There is no dispute that the Northern District of California has a local interest in this dispute because Amazon's Lab 126, which developed the Accused Products, is located there. Similarly, there can be no dispute that Vocalife, a Texas entity located in this District, has similar local interests in this community. As to Amazon's contention that Vocalife's presence in this District is ephemeral, the Court disagrees. The Federal Circuit has concluded that an entity that does not have (1) employees in the transferor forum; (2) principals that reside in the transferor forum; or (3) research and development-type activities in the transferor forum is an ephemeral entity. *Novelpoint Learning*, No. 6:10-cv-229, 2010 WL 5068146, at *4 (citing *In re Zimmer Holdings*, 609 F.3d 1378, 1381 (Fed. Cir. 2009)). Here, Vocalife has employees in this District and those employees are engaged in research and development activities on the CrispMic II, the commercialized product of the Asserted Patent. Therefore, the Court must afford weight to Vocalife's presence in this District.

Furthermore, this Court has previously rejected Amazon's argument that its presence in this District does not give rise to a local interest. Amazon does not dispute that it has facilities in this District and avails itself of the laws and protections provided by this District. *See Realtime Adaptive Streaming LLC*, 2018 WL 4444097, at *8.

Accordingly, considering the locations of both Parties, the Court finds that the Eastern District of Texas has at least as great a localized and proportional interest as the Northern District of California and that this factor is neutral.

## IV. CONCLUSION

Having analyzed the factors, the Court finds that Amazon has failed to meet its significant burden to show that the Northern District of California is clearly more convenient than the Eastern District of Texas. Therefore, Amazon's Motion to Transfer Venue to the Northern District of California Pursuant to 28 U.S.C. § 1404(a) (Dkt. No. 23) is hereby **DENIED**. It is further **ORDERED** that Amazon's Unopposed Motion for Hearing on the Motion (Dkt. No. 46) is **DENIED-AS-MOOT**.

**So ORDERED and SIGNED this 27th day of November, 2019.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE