# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| VOCALIFE LLC,<br><br>          Plaintiff,<br><br>     v.<br><br>AMAZON.COM, INC. and<br>AMAZON.COM, LLC,<br><br>          Defendants. | Civil Action No. 2:19-cv-00123-JRG<br><br>JURY TRIAL DEMANDED |

**DEFENDANTS' MOTION TO STRIKE CERTAIN UNSUPPORTED SOURCE CODE REFERENCES IN THE EXPERT REPORT OF JOSEPH MCALEXANDER**

## TABLE OF CONTENTS

A.  Legal Standards ------------------------------------------------------------------------------- 1

B.  Source Code Discovery --------------------------------------------------------------------- 2

C.  Mr. McAlexander's Infringement Report Claim Chart Attachment ------------------------ 2

D.  Mr. McAlexander's Lists of Source Code Files Without Discussion Should
    Be Stricken ------------------------------------------------------------------------------- 5

E.  Conclusion -------------------------------------------------------------------------------- 6

## TABLE OF AUTHORITIES

*Cases:*                                                                                              *Page(s):*

*Daubert v. Merrell Dow Pharms. Inc.*,
    509 U.S. 579 (1993) ............................................................................................... 1, 5

*Elder v. Tanner*,
    205 F.R.D. 190 (E.D. Tex. 2001) ........................................................................... 2, 5

*Finisar Corp. v. DirectTV Group Inc.*,
    No. 1:05-CV-264, 2006 WL 1207828 (E.D. Tex. May 2, 2006) ............................ 1, 5

*Statutes and Rules*

Fed. R. Civ. P. 26(a)(2) ................................................................................................. 1, 5,

Fed. R. Civ. P. 26(a)(2)(B) ............................................................................................ 1, 5

Fed. R. Evid. 702 .......................................................................................................... 1, 5

Vocalife's expert, Mr. McAlexander, opines that Amazon infringes the asserted patent based on the 15 accused Amazon Echo products. He reviewed the products' software source code and printed 250 pages of the code that he considered relevant. He discusses the content of certain source code files in his report. However, he also lists other source code files without any discussion at all, which is the reason this Motion is necessary. Several of those improperly listed source code files are dozens of pages long and contain dozens of software functions and variables. Yet, Mr. McAlexander does not identify *any* specific *content* in *any* of those source code files—let alone explain *why* such content is purportedly relevant. Accordingly, these unsupported references should be stricken because they fail to explain any basis, reasons, facts, or principles supporting his opinions.

A.   **Legal Standards**

Fed. R. Civ. P. 26(a)(2)(B) requires that an expert report contain "(i) a complete statement of all opinions the witness will express and the basis and reasons for them; [and] (ii) the facts or data considered by the witness in forming them[.]" Accordingly, an expert should not be permitted to testify regarding a report that "fails to give the basis and reasons which support the proposed opinions." *Finisar Corp. v. DirectTV Group Inc.*, No. 1:05-cv-264, 2006 WL 1207828 *2 (E.D. Tex. May 2, 2006). This is because "[t]he obvious purpose of the detailed expert report required by Fed. R. Civ. P. 26(a)(2) is to reduce the need for expensive and time consuming paper discovery and depositions." *Id.*

Fed. R. Evid. 702 permits expert testimony only if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." The Supreme Court explained that Rule 702 requires that proposed expert

**DEFENDANTS' MOTION TO STRIKE CERTAIN SOURCE CODE REFERENCES** – Page 1

testimony "must be supported by appropriate validation—*i.e.,* 'good grounds,' based on what is known." *Daubert v. Merrell Dow Pharms. Inc.*, 509 U.S. 579, 590 (1993). Expert reports that merely "state the experts' ultimate opinions regarding infringement [] and, generally, the authorities and evidence upon which they rely, but without any elaboration or reasoning . . . will not assist the trier of fact in determining the case." *Elder v. Tanner*, 205 F.R.D. 190, 192-94 (E.D. Tex. 2001). Accordingly, such reports should be stricken as violating the *Daubert* standard. *Id.* "It is not sufficient simply to list the resources they utilized and then state an ultimate opinion without some discussion of their thought process." *Id*.

**B.      Source Code Discovery**

The Agreed Protective Order in this case provides for source code discovery by inspection, and permits the inspecting party to "make a reasonable number of printouts" of the code. Dkt. No. 53 at 9. The Protective Order further explains that "[i]n considering what is reasonable, the receiving Party shall not, in general, ask that more than 100 total pages per accused product line / product family . . . be printed." *Id.*

Amazon made its accused products' source code available for inspection and Mr. McAlexander inspected it. Laquer Dec. ¶ 4. Mr. McAlexander requested that Amazon print 250 pages of source code that he identified as relevant for the accused Echo product line. *Id.*; Ex. 2 at 137:22-138:11. Despite that significantly exceeding the amount of printouts provided by the Protective Order, Amazon agreed and produced those 250 pages to Vocalife as AMZN_SC_0000001 through 250. Laquer Dec. at ¶ 4.

**C.      Mr. McAlexander's Infringement Report Claim Chart Attachment**

Mr. McAlexander's infringement report includes "Appendix a to Attachment A," which is a 101-page infringement claim chart. A copy of that chart is submitted herewith as Exhibit 1, with highlighting added to the portions that Amazon is moving to strike.

**DEFENDANTS' MOTION TO STRIKE CERTAIN SOURCE CODE REFERENCES** – Page 2

In his claim chart attachment, Mr. McAlexander identifies some specific content within Amazon's source code that he relies upon for his infringement opinion. For example, he reproduces certain pages of Amazon's source code and identifies the portions that he is relying on using red rectangles, as shown here:



(Ex. 1 at A-a24 (reproducing AMZN_SC_0000009)). He also reproduces excerpts of the source code and provides brief explanations as to what he believes the code does and why it is relevant to the claim language, as shown here:



(*id.* at A-a54 (reproducing AMZN_SC_0000020)).

**DEFENDANTS' MOTION TO STRIKE CERTAIN SOURCE CODE REFERENCES – Page 3**

However, at several other places in his claim chart attachment, Mr. McAlexander merely lists the names of source code files without any elaboration or reasoning. For example, near the end of his claim chart entry for the "determining a delay" limitation of claim 1, Mr. McAlexander states: "I also incorporate the following code-files that I have analyzed such as:" *Id.* at A-a43. He then lists the following 34 source code files:



*Id.* at A-a43-a45. Several of the source code files that Mr. McAlexander improperly lists are dozens of pages long and contain dozens of functions and variables. Laquer Decl. ¶ 5. Mr. McAlexander concludes his list by stating that he "also incorporate[s] the source-code printouts

**DEFENDANTS' MOTION TO STRIKE CERTAIN SOURCE CODE REFERENCES** – Page 4

AMZN_SC_0000001-AMZN_SC_0000250"—which are every page of source code that he requested for printing during his inspection of the code. Ex. 1 at A-a45. Mr. McAlexander provides similar lists at several other places in his claim chart attachment. *Id.* at A-a57-a58, A-a63-a65, A-a69-a70, A-a73-a81, A-a83-a84, A-a87-a90, and A-a92-a96.

D.  **Mr. McAlexander's Lists of Source Code Files Without Discussion Should Be Stricken**

Mr. McAlexander's lists of source code files without discussion do not provide the basis and reasons for his opinions as required by Fed. R. Civ. P. 26(a)(2)(B). Nor do those lists identify what facts or data he considered in forming his infringement opinion, as also required by Rule 26. Due to the size and complexity of source code, identifying an entire file—rather than a particular line, function, or variable within it—fails to provide notice for the basis of the expert's opinion. Accordingly, the lists should be stricken. See *Finisar*, 2006 WL 1207828 at *2.

Moreover, any testimony by Mr. McAlexander regarding those lists would violate Fed. R. Evid. 702. By merely listing the *names* of files, Mr. McAlexander cannot help a jury understand the evidence or determine a fact issue—which are in the source code's *contents*. Any testimony based on Mr. McAlexander's lists would also violate Rule 702 because the lists preclude evaluation as to whether his opinion of those source code files is the product of reliable principles or methods, or whether he has reliably applied those principles and methods to the facts of this case. *See Daubert*, 509 U.S. at 592. By merely listing the source code file resources without discussing their relevance to his opinion, Mr. McAlexander failed to satisfy Rule 702. *Elder*, 205 F.R.D. at 192-93.

Mr. McAlexander's deposition confirmed that his lists are not helpful and should be stricken. For example, his report lists the names of 27 files, prefaced with "*See, e.g.*" as purportedly showing that the accused products include certain functionality ("SRP" or "SRP-PHAT") relevant to claim 3. Ex. 1 at A-a70-a74. That list fails to accomplish the "obvious purpose of the detailed expert report

**DEFENDANTS' MOTION TO STRIKE CERTAIN SOURCE CODE REFERENCES** – Page 5

required by Fed. R. Civ. P. 26(a)(2)," which is "to reduce the need for expensive and time consuming paper discovery and depositions." *Finisar*, 2006 WL 1207828 at *2. When presented with one of the files in his list, Mr. McAlexander spent more than five minutes attempting to identify where it contained any relevant content. Ex. 2 at 258:12-260:20; Laquer Decl. ¶ 6. However, despite his counsel's suggestion that he search through each of the exhibit's 110 pages, he was unable to find anything relevant. Ex. 2 at 258:12-260:20.

Mr. McAlexander acknowledged that his list of 27 files failed to tell *himself* what the basis of his opinions are. *Id.* Mr. McAlexander's unhelpful lists also denied Amazon fair discovery regarding his opinions, both before and during his deposition. Mr. McAlexander should not be permitted at trial to suddenly recollect the specific locations of purportedly relevant content within those files after he failed to provide Amazon with notice for the basis of his opinions during discovery.

### E.  Conclusion

For the foregoing reasons, Amazon respectfully requests that the Court strike the identified portions of Mr. McAlexander's claim chart attachment on pages A-a43-a45, A-a57-a58, A-a63-a65, A-a69-a70, A-a73-a81, A-a83-a84, A-a87-a90, and A-a92-a96, which are highlighted in Exhibit 1 filed herewith.

Respectfully submitted,

*/s/ Jennifer H. Doan*
Jennifer H. Doan
Texas Bar No. 08809050
Kyle R. Akin
Texas Bar No. 24105422
HALTOM & DOAN
6500 Summerhill Road, Suite 100
Texarkana, TX 75503
Telephone: (903) 255-1000
Facsimile: (903) 255-0800
Email: jdoan@haltomdoan.com
Email: kakin@haltomdoan.com

*Of Counsel*:

Joseph R. Re, (SBN 134,479) (*Pro Hac Vice*)
joseph.re@knobbe.com
Joseph S. Cianfrani (SBN 196,186) (*Pro Hac Vice*)
joseph.cianfrani@knobbe.com
Colin B. Heideman (SBN 238,674) (*Pro Hac Vice*)
colin.heideman@knobbe.com
Alan G. Laquer (SBN 259,257) (*Pro Hac Vice*)
alan.laquer@knobbe.com
Jeremy A. Anapol (SNB 285,828) (*Pro Hac Vice*)
jeremy.anapol@knobbe.com
Kendall M. Loebbaka (SNB 285,908) (*Pro Hac Vice*)
kendall.loebbaka@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404
Facsimile: (949) 760-9502

**ATTORNEYS FOR DEFENDANTS
AMAZON.COM, INC. AND
AMAZON.COM LLC**

## CERTIFICATE OF SERVICE

The undersigned certifies that all counsel of record were served with a true and correct copy of the foregoing by electronic mail on this 19th day of June, 2020.

> */s/ Jennifer H. Doan*
> Jennifer H. Doan

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(h), the undersigned certifies that Kyle Akin and Joseph Re, counsel for Amazon, Inc. and Amazon.com, LLC met and conferred with Vincent Rubino and Jennifer Truelove, counsel for Vocalife LLC on the 16th day of May, 2020. Counsel is opposed to the relief requested herein leaving an open issue for the court to resolve.

> */s/ Kyle R. Akin*
> Kyle R. Akin