# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| VOCALIFE LLC, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION NO. 2:19-CV-00123-JRG |
| § | |
| AMAZON.COM, INC., AMAZON.COM § | |
| LLC, § | |
| § | |
| *Defendants*. § | |

## MEMORANDUM OPINION AND ORDER AS TO PLAINTIFF'S DAMAGES EXPERT

The Court issues this order after having considered the supplemental briefing from Plaintiff Vocalife LLC ("Vocalife" or "Plaintiff") and Defendants Amazon.com, Inc. and Amazon.com LLC (collectively, "Amazon" or the "Defendants") (together with Plaintiff, the "Parties") relating to damages within the time period between the reissue of U.S. Patent No. RE 47,049 (the "'049 Patent") and the filing of the complaint herein. (Dkt. Nos. 304, 306). The Court has also considered the related arguments presented by the Parties during the pretrial conference on September 25, 2020, which arguments gave rise to the additional briefing noted above. Having considered the same, the Court finds that the expert opinions of Mr. Alan Ratliff, Plaintiff's damages expert, as to damages prior to the filing of the complaint should be and are **EXCLUDED**.

## I. BACKGROUND

Plaintiff sued Defendants, alleging infringement of the '049 Patent by Defendants' Amazon Echo Products (the "Accused Products"). (Dkt. No. 1). Among the allegations in Plaintiff's Complaint are that Amazon directly and indirectly infringed the asserted claims. (*Id.* at ¶¶ 31, 38).

Amazon subsequently filed a Motion for Partial Summary Judgment of no indirect infringement. (Dkt. No. 131). At the pretrial conference on September 24, 2020, the Court granted Amazon's Motion, finding as a matter of law that Amazon was not liable for any pre-suit indirect infringement. (Dkt. No. 307 at 105:5-8).

At a late stage of the pretrial process, it became apparent that the damages opinions of Plaintiff's damages expert, Mr. Alan Ratliff, included pre-suit damages based, at least in part, on damages precluded by the Court's granting partial summary judgment on pre-suit indirect infringement. The Court did not preclude post-complaint damages for induced infringement and expressly permitted Mr. Ratliff to adjust his pre-existing report(s) to take into account the effect of the Court's grant of partial summary judgment. (Dkt. No. 308 at 60:7-17, 61:4-7).

Nonetheless, the Parties have continued to dispute proper damages attributable to Amazon's alleged pre-suit direct infringement. It was Plaintiff's position that it be permitted to present evidence of direct infringement damages pre-suit because its direct and induced infringement theories were the same and have not been distinguished by its expert. (*Id.* at 66:9-18). Amazon's position was that Mr. Ratliff provided no damages opinion on direct infringement and that Plaintiff's theories could not be the same for direct and indirect infringement. (*Id.* at 64:11-22; *see also* Dkt. No. 304). At the pretrial conference on September 25, 2020, a late-breaking exhibit dispute revealed this underlying substantive dispute. As a result, the Court ordered supplemental briefing from the Parties on the issue. (*Id.* at 69:7-10).

## II.     LEGAL STANDARD

An expert witness may testify in the form of an opinion if the testimony is based on sufficient facts or data, the product of reliable principles and methods, and if the expert reliably applied those principles and methods to the facts of the case. Fed. R. Evid. 702.

The trial judge in any case must undergo "a preliminary assessment of whether the reasoning or methodology underlying [expert] testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 592–93 (1993).

"To be admissible, expert testimony opining on a reasonable royalty must 'sufficiently [tie the expert testimony on damages] to the facts of the case. If the patentee fails to tie the theory to the facts of the case, the testimony must be excluded.'" *Exmark Mfg. Co. v. Briggs & Stratton Power Prods. Grp., LLC*, 879 F.3d 1332, 1349 (Fed. Cir. 2018) (quoting *Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1315 (Fed. Cir. 2011)).

### III.  ANALYSIS

Mr. Ratliff, relying on the opinions of Plaintiff's technical expert, Mr. Joseph McAlexander, opined that because "the asserted claims are method claims that are infringed every time a person speaks to Alexa on an Echo device," a royalty base incorporating the total sales of Echo devices was appropriate. (Dkt. No. 306-14 ¶ 19, 28). Mr. Ratliff also used Downstream Economic Value ("DEV"), an internal Amazon metric, to derive a reasonable royalty rate incorporating "the actual contribution profits from incremental sales . . . to customers using the devices." (*Id.* ¶ 29). Applying what he believes to be a reasonable royalty based on this information, Mr. Ratliff has opined on damages from before the complaint was filed. (*Id.* at StoneTurn Ex. 1.1).

The Parties dispute whether Plaintiff's technical expert Mr. McAlexander opined that there were sufficient facts to support pre-suit direct infringement damages. (Dkt. No. 304 at 4; Dkt. No. 306 at 5). It is Plaintiff's position that Mr. McAlexander opined that "Amazon directly infringes by performing the first step of providing the microphone array system and the remaining steps of

3

the claims are performed automatically by the pre-programmed software that is loaded onto the Accused Products by Amazon." (Dkt. No. 306 at 7). However, Amazon contends that the only possible direct infringement theory provided by Mr. McAlexander is that "Amazon itself performs the method steps by testing Echo units." (Dkt. No. 304 at 4).

In his report, Mr. McAlexander opines that "Amazon's customers and end-users" perform the method steps of the claims. (Dkt. No. 306-13 at A-a4, A-a14, A-a25, A-a45, A-a58, A-a65). It is clear, from the face of Mr. McAlexander's report, that his opinion is not that Amazon directly infringes by performing each step of the method claim itself by creating and selling the accused products to consumers. In fact, as a matter of law, a method claim is "not directly infringed by the mere sale of an apparatus capable of performing the claimed process." *Joy Techs., Inc. v. Flakt, Inc.*, 6 F.3d 770, 773 (Fed. Cir. 1993).

Mr. McAlexander also opines that Amazon performs the claim limitations by testing the accused products in the United States. (Dkt. No. 306-13 at A-a2). Since testing was the only pre-suit direct infringement theory proffered by Plaintiff, any pre-suit damages from direct infringement must consequently to be tied to such testing.

However, Mr. Ratliff's damages opinions fail to do this. They calculate damages in the same way for pre- and post-complaint infringement. Mr. Ratliff uses DEV, based on profits resulting from sales to Amazon customers, rather than Amazon testing its Echo products. (Dkt. No. 306-14 at StoneTurn Ex. 1.1). It is clear from other portions of Mr. Ratliff's report that this calculation was based on an induced, but not direct, infringement theory. As an example, Mr. Ratliff cites Section 9.3.3.1.1 of Mr. McAlexander's Report, a portion which describes how users operate the Accused Products, for the underlying infringement that Mr. Ratliff then uses to support and justify his damages opinion. (*Id.* at 7 n.32; Dkt. No. 306-13 at ¶ 117).

Ultimately, the Court reaches the conclusion that Mr. Ratliff's damages opinions are based on a combination of direct and indirect infringement. Given that the Court has granted partial summary judgment of no pre-suit induced infringement, any surviving damages from the period prior to the filing of the complaint must have resulted from direct infringement. Without being able to delineate which of Mr. Ratliff's pre-suit damages opinions apply to direct infringement as opposed to indirect infringement, and further, without a sufficient nexus between pre-suit damages and the direct infringement opinions of Mr. McAlexander, the Court must exclude Mr. Ratliff's pre-suit damages opinions.

## IV.  CONCLUSION

Based on the foregoing, the Court is of the opinion that any pre-suit damages testimony from Mr. Alan Ratliff should be and hereby is **EXCLUDED**. Accordingly, it is **ORDERED** that any opinion from Mr. Ratliff regarding damages prior to the date of the complaint in the above-captioned case is excluded.

However, Mr. Ratliff retains the benefit of the leave which the Court earlier granted on the record during the pretrial conference, to adjust his opinions and his testimony to begin as of the date of the complaint, even though his previous written opinions include pre-suit damages and pre-suit damage calculations.

**So ORDERED and SIGNED this 30th day of September, 2020.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE