# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| VOCALIFE LLC, § § *Plaintiff*, § § v. § § AMAZON.COM, INC., AMAZON.COM § LLC, § § *Defendants*. § § | CIVIL ACTION NO. 2:19-CV-00123-JRG |

## ORDER ON PRETRIAL MOTIONS AND MOTIONS *IN LIMINE*

The Court held a Pretrial Conference in the above-captioned matter on Thursday, September 24, 2020 regarding motions *in limine* ("MILs") and other pending pretrial motions filed by Plaintiff Vocalife LLC ("Vocalife") and Defendants Amazon.com, Inc. and Amazon.com LLC (together, "Amazon") (collectively, "the Parties"). (Dkt. Nos. 262, 128, 131, 239, 232, 233, 229, 132, 126, 129, 130, 127, 133, 284, 195, 202, 196, 219). This Order memorializes the Court's rulings on the aforementioned MILs and motions as announced into the record, including additional instructions that were given to the Parties. While this Order summarizes the Court's rulings as announced into the record during the pretrial hearing, this Order in no way limits or constrains such rulings from the bench. Accordingly, it is hereby **ORDERED** as follows:

### PRETRIAL MOTIONS

1. **Amazon's Motion for Summary Judgment of Invalidity under § 101 and § 112 (Dkt. No. 262)**

This Motion was **DENIED**. (Dkt. No. 307 at 44:18-19). The Court noted that, considering the motion in the light most favorable to the non-movant, the Court was compelled to allow

Plaintiff to make its argument to the jury. (*Id.* at 44:7-18). The Court also found no basis to preclude Defendants from confronting the inventor on the witness stand and eliciting an explanation. (*Id.* at 44:20-24).

2. **Amazon's Motion for Summary Judgment of Noninfringement Based on "Delay" Limitations (Dkt. No. 128)**

This Motion was **DENIED**. (Dkt. No. 307 at 64:24-25). The Court found that there were material questions of fact which preclude summary judgment. (*Id.* at 64:21-65:5).

3. **Amazon's Motion for Partial Summary Judgment of No Indirect Infringement, No Doctrine of Equivalents, and for Summary Judgment of Noninfringement Based on "Spatial Location" limitations (Dkt. No. 131)**

This Motion was **GRANTED-IN-PART** and **DENIED-IN-PART**. (Dkt. No. 307 at 105:5-23). The Court **GRANTED** the Motion as to any pre-suit indirect infringement. (*Id.* at 105:5-8). The Court **DENIED** the Motion as to the doctrine of equivalents, finding that the prosecution history did not show a clear distinction between a general purpose processor ("GPP") and digital signal processor ("DSP"). (*Id.* at 105:9-17). The Court also **DENIED** the Motion as to the "spatial location" limitation, finding that there was an open question of fact. (*Id.* at 105:18-23).

4. **Amazon's Motion for Summary Judgment of No Willfulness (Dkt. No. 239)**

This Motion was **DENIED**. (Dkt. No. 307 at 112:21). Under *Halo Electronics, Inc. v. Pulse Electronics, Inc.*, 136 S. Ct. 1923 (2016), the totality of the circumstances should be considered, which, given various fact questions in this case, precludes summary judgment. (*Id.* at 112:21-25).

5. **Amazon's Motion for Leave to Supplement its Answer, Counterclaims, Interrogatory Responses, and Disclosures in Response to Plaintiff's Newly Discovered Willfulness Allegations (Dkt. No. 232)**

This Motion was **GRANTED**. (Dkt. No. 307 at 114:9-10). The Court noted its broad discretion to manage the case and to grant leave where the Court is persuaded that unique circumstances warrant it. (*Id.* at 114:5-9). In light of Plaintiff's late-breaking willfulness allegations, the Court found Defendants were permitted to supplement their pleadings and discovery responses as to willfulness. (*Id.* at 114:15-18). This Motion was heard concurrently with Vocalife's Motion to Strike (Dkt. No. 233).

6. **Vocalife's Motion to Strike Defendants' Answer and Counterclaims, Seventh Supplemental Interrogatory Responses, and Sixth Supplemental Initial Disclosures (Dkt. No. 233)**

This Motion was **DENIED**. (Dkt. No. 307 at 114:9-10). The Court found that Defendants were permitted to supplement their pleadings and discovery responses and that Plaintiff's effort to strike such was not proper. (*Id.* at 114:15-19). This Motion was heard concurrently with Amazon's Motion for Leave (Dkt. No. 232).

7. **Amazon's Motion for Leave to Supplement the Rebuttal Report of Dr. Sayfe Kiaei (Dkt. No. 229)**

This Motion was **GRANTED**. (Dkt. No. 307 at 121:5). The Court found that Plaintiff could fairly and reasonably deal with Dr. Kiaei's opinions through cross-examination. (*Id.* at 121:7). Further, having allowed the willfulness issue to be brought into the case, the Court does not preclude Dr. Kiaei from responding to it. (*Id.* at 121:7-10).

8. **Vocalife's Motion to Exclude Nicholas P. Godici (Dkt. No. 132)**

This Motion was **GRANTED**. (Dkt. No. 307 at 144:22-23). The Court was not persuaded that there was any significant probative value beyond that already provided by the FJC patent video and the Court's own preliminary instructions so as to justify allowing the former Commissioner

of Patents to testify before the jury. (*Id.* at 143:19-144:1). The Court further found that Mr. Godici was of such standing that, were he to go beyond these uncontested background factual matters, substantial prejudice would ensue. (*Id.* at 144:12-16). In the Court's view, the risk of such prejudice outweighed any probative value. (*Id.* at 144:17-21). The Court precluded Mr. Godici from testifying before the jury, but will allow Mr. Godici to testify to the Court regarding the inequitable conduct issue. (*Id.* at 144:22-25).

9. **Amazon's Motion to Strike Certain Unsupported Source Code References in the Expert Report of Joseph McAlexander (Dkt. No. 126)**

This Motion was **DENIED**. (Dkt. No. 307 at 155:23). Mr. McAlexander may not go beyond the scope of his report, but the source code references contained within his report were not struck. (*Id.* at 156:21-25).

10. **Vocalife's Motion to Exclude Opinions of Dr. Kiaei (Dkt. No. 129)**

This Motion was **WITHDRAWN**. Vocalife withdrew the Motion from consideration. (Dkt. No. 307 at 158:9-10).

11. **Vocalife's Motion to Strike Portions of Dr. Kiaei's Rebuttal Report (Dkt. No. 130)**

This Motion was **DENIED**. (Dkt. No. 307 at 165:20-23). The Court made clear that testimony cannot be given to read-out the "capable" limitation in the claim. (*Id.* at 165:6-10).

12. **Amazon's *Daubert* Motion to Exclude Certain Damages Testimony of Alan Ratliff and Joseph McAlexander (Dkt. No. 127)**

This Motion was **DENIED**. (Dkt. No. 307 at 188:2-3). First, the Court found that, with regard to Mr. Ratliff's apportionment of the 40-50% value of the accused devices to the patent, converting a qualitative technical analysis to a quantitative apportionment of value is not an exact science, but Mr. Ratliff had done a reasonable job. (*Id.* at 186:1-10). Second, the Court found that

with regard to Mr. McAlexander's opinion that the patented features are "almost, if not as, important as" non-patented features, Mr. McAlexander compared the patented features to non-patented features in his analysis and therefore that analysis met the standards of *Daubert* and Rule 702. (*Id.* at 186:11-20). Third, regarding Mr. Ratliff's apportionment of 6-7% of projected profits through Echo sales channels, the Court noted that there were several degrees of separation between Amazon's marketing expenditures and downstream sales profits, but found that Amazon will have an ample opportunity to expose any flaws to the jury through vigorous cross-examination. (*Id.* at 186:21-187:3). Fourth, Ratliff's opinions based on downstream economic value ("DEV") did not rise to a level requiring that they be struck, but such could be adequately and fairly addressed via vigorous cross-examination. (*Id.* at 187:15-20). The Court noted that the Federal Circuit has allowed experts to use internal metrics like DEV, including incremental profits, and base a damages model on that metric. (*Id.* at 187:11-14). Finally, the Court found that Mr. Ratliff's reasonableness checks—comparisons to Alexa sales projections and Apple HomePod products— were not so unreliable as to be excluded under *Daubert*. (*Id.* at 187:21-188:1).

13. **Vocalife's Motion to Strike Portions of the Expert Rebuttal Report of Daniel M. McGavock (Dkt. No. 133)**

This Motion was **DENIED**. (Dkt. No. 307 at 194:16). Under the *Finjan, Inc. v. Secure Computing Corp.* line of cases, the Federal Circuit has never required that identity of the circumstances be present for comparability and have long acknowledged that a reasonable royalty analysis involves an element of approximation and uncertainty. (*Id.* at 193:21-194:1, citing 626 F.3d 1197, 1211 (Fed. Cir. 2010)). The Federal Circuit has also, in *ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.* 694 F.3d 1312, 1333 (Fed. Cir. 2012), expressed a clear preference for cross-examination as a medium to challenge comparability, rather than exclusion. (Dkt. No. 307

at 194:2-5). In light of such, the Court did not strike the challenged opinions, but properly allowed them to be subjected to vigorous cross-examination over the course of trial. (*Id.* at 194:9-15).

**14. Amazon's Motion for Leave to Take the Trial Testimony of Matthew Holland (Dkt. No. 284)**

This Motion was **GRANTED**. (Dkt. No. 307 at 199:17).

**15. Amazon's Motion for Leave to File MIL No. 16 (Dkt. No. 219)**

This Motion was **GRANTED**. (Dkt. No. 307 at 243:12-13).

## MOTIONS *IN LIMINE*

It is **ORDERED** that the Parties, their witnesses, and counsel shall not raise, discuss, or argue the following before the venire panel or the jury without prior leave of the Court:

**1. Agreed Motions *in Limine* (Dkt. No. 195)**

The following mutually applicable MILs are **GRANTED-BY-AGREEMENT OF THE PARTIES**:

- Agreed MIL No. 1: Any evidence, argument, or testimony regarding race, religion, gender, sexual orientation, or political affiliations of witnesses or attorneys. The parties also agree not to refer to the nationality, citizenship or visa status of the other party's witnesses. This agreement does not prevent a witness from mentioning any of the above topics as part of their own background, or an attorney taking direct examination regarding the same.

- Agreed MIL No. 2: Any evidence, argument, or testimony regarding discovery disputes and any prior rulings of this Court on any motions, including but not limited to motions for summary judgment, motions to dismiss, motions to strike evidence, motions *in limine*, or *Daubert* motions, with the exception of the Court's claim constructions. While the Parties may refer to facts underlying or resulting from summary judgment motions, any reference

to the motions or the Court's Orders should be precluded. Fed. R. Evid. 403. The Court precludes references, directly or indirectly, to each other's claim-construction positions in the presence of the jury and preclude mention of any portion of the Court's claim construction opinion, other than the actual definitions adopted by the Court, in the presence of the jury. (*See* Dkt. No. 83 at 51).

- Agreed MIL No. 3: Any evidence, argument, or testimony regarding litigation financing (such as any financing from Woodsford) or attorney fee rates or amounts spent in prosecuting or defending this case.

- Agreed MIL No. 4: Affirmative arguments or references to privacy concerns relating to the Accused Products, *e.g.*, violating privacy laws or standards, spying on Amazon customers, or invading the privacy of Amazon customers.

- Agreed MIL No. 5: Any evidence or argument that an expert's testimony was excluded or found to be unreliable in other lawsuits or that an expert has consulted for the other party or law firm.

- Agreed MIL No. 6: Any suggestion that Amazon infringes any unasserted claim of the '049 patent or any other patent of Vocalife, Li Creative, or Dr. Li.

- Agreed MIL No. 7: "Golden Rule" arguments (*i.e.*, asking jury to treat party as they would want to be treated or to put themselves in party's shoes).

- Agreed MIL No. 8: Any reference to any party's use of jury consultants or jury study or focus groups.

- Agreed MIL No. 9: Any reference to Amazon's total revenue, sales, or profit in dollars.

- Agreed MIL No. 10: Any allegation that Knobbe Martens (Amazon's litigation counsel) prosecuted any patent for Amazon.

### 2. Plaintiff Vocalife's Opposed Motions *in Limine* (Dkt. No. 202)

- <u>Vocalife's MIL No. 1:</u> Derogatory, disparaging, and/or pejorative references to Vocalife LLC and Li Creative Technologies, Inc. as non-practicing entities.

This MIL was **GRANTED-AS-AGREED**. (Dkt. No. 307 at 202:18-23). The Parties are not to make disparaging remarks of the licensing business of the Plaintiff or of business practices of the Defendant. (*Id.* at 202:9-12). The Parties also are not to name-call, such as referring to each other as "troll," "patent troll," "non-practicing entity," "big brother," "behemoth," "monopolist," "cheater," "copier," "thief," or "Goliath." (*Id.* at 202:12-17). The Court further advised both Parties that if anything else is exchanged between the Parties that the Court deems to be derogative, the Court will take appropriate action, including sanctions. (*Id.* at 202:19-23).

- <u>Vocalife's MIL No. 2:</u> Disparaging the USPTO.

This MIL was **WITHDRAWN**. Vocalife withdrew this MIL from consideration. (Dkt. No. 307 at 202:24-203:3).

- <u>Vocalife's MIL No. 3:</u> Preclude Defendants from introducing evidence, argument, reference, or elicitation of testimony related to potential targets for litigation.

This MIL was **GRANTED-AS-AGREED**. (Dkt. No. 307 at 203:17-19). The Parties agreed and the Court precludes Defendants from introducing evidence, arguments, reference, or elicitation of testimony relating to potential targets for litigation, except as to the Google offer. (*Id.* at 203:9-16).

- <u>Vocalife's MIL No. 4:</u> Preclude Defendants from introducing evidence, argument, reference, or elicitation of testimony related to Vocalife and/or Li Creative Technologies, Inc.'s financial positions.

This MIL was **WITHDRAWN**. Vocalife withdrew this MIL from consideration. (Dkt. No. 307 at 203:20-25).

- Vocalife's MIL No. 5: Preclude Defendants from introducing evidence, argument, reference, or elicitation of testimony related to Vocalife's intellectual property monetization or litigation efforts unrelated to the current lawsuit.

This MIL was **WITHDRAWN**. Vocalife withdrew this MIL from consideration. (Dkt. No. 307 at 204:1-4).

- Vocalife's MIL No. 6: Evidence, argument, reference, documents, or elicitation of testimony regarding Dr. Peter Li's submission to the Google Patent Purchase Promotion Program.

This MIL was **WITHDRAWN**. Vocalife withdrew this MIL from consideration. (Dkt. No. 307 at 204:5-8).

- Vocalife's MIL No. 7: Preclude Defendants from referencing *inter partes* review proceedings or success rate of such proceedings.

This MIL was **GRANTED-AS-AGREED**. (Dkt. No. 307 at 204:19-21). The Parties agreed and the Court precludes any party from presenting any evidence, argument, or testimony that the '049 Patent is now subject to *inter partes* review before the PTAB or that the PTAB proceedings are even part of the patent system. (*Id.* at 204:12-18).

- Vocalife's MIL No. 8: References, evidence, suggestion, testimony, or elicitation of any testimony by Defendants comparing any accused product to any purported prior art device, a prior art patent, or any other prior art.

This MIL was **GRANTED**. (Dkt. No. 307 at 207:9-10). The Court precludes the Parties from using any prior art to compare to the accused products or anything else that would relate to a

"practicing the prior art" defense regarding infringement. (*Id.* at 206:18-21). The Court allowed the use of prior art to show a high-level background of the state of the art and to rebut evidence of copying. (*Id.* at 206:21-24).

- Vocalife's MIL No. 9: Reference, evidence, suggestion, testimony, or elicitation of any testimony by Defendants regarding Vocalife's election of patent claims to streamline this litigation.

This MIL was **GRANTED**. (Dkt. No. 307 at 209:7-10). The Court precludes reference to the election to withdraw or drop claims to streamline the litigation. (*Id.* at 209:8-10).

- Vocalife's MIL No. 10: Reference, evidence, suggestion, testimony, or elicitation of any testimony by Amazon that Vocalife engaged in "forum shopping" or "litigation abuse," or that this district is a popular venue for patent holders.

This MIL was **GRANTED-AS-AGREED.** (Dkt. No. 307 at 210:15-17, 214:4-5). The Parties agreed and the Court orders the Parties not to argue that either party engaged in forum shopping or litigation abuse or that this district is a popular venue for patentholders. (*Id.* at 210:9-13). The Parties also are precluded from any mention of any effort to try to transfer this or any case out of this district. (*Id.* at 213:24-214:3).

- Vocalife's MIL No. 11: Preclude Defendants from introducing any evidence, argument, reference, or elicitation of testimony of non-elected prior art references.

This MIL was **GRANTED**. (Dkt. No. 307 at 212:20-21). The Court made clear that the use of non-elected prior art was generally permissible to rebut evidence of copying, however, the Court mandates that the Defendants first obtain leave of the Court before going into any unelected prior art for such purposes so the Court can exercise its gatekeeping role. (*Id.* at 212:21-213:1).

- Vocalife's MIL No. 12: "Patent law expert" Nicholas P. Godici.

This MIL was **WITHDRAWN**. Vocalife withdrew this MIL from consideration. (Dkt. No. 307 at 214:7-11).

- Vocalife's MIL No. 13: Preclude Defendants from introducing evidence, argument, reference, or elicitation of testimony regarding inequitable conduct.

This MIL was **WITHDRAWN**. Vocalife withdrew this MIL from consideration. (Dkt. No. 307 at 214:7-11).

### 3. Defendants' Opposed Motions *in Limine* (Dkt. No. 196)

- Amazon's MIL No. 1: Argument or suggestion that Amazon "copied" the patented invention based on the 2011 meeting.

This MIL was **WITHDRAWN**. Amazon withdrew this MIL from consideration. (Dkt. No. 307 at 218:12-14).

- Amazon's MIL No. 2: Argument or suggestion that Amazon knew of the RE '049 Patent based on the 2011 meeting.

This MIL was **WITHDRAWN**. Amazon withdrew this MIL from consideration. (Dkt. No. 307 at 218:12-14).

- Amazon's MIL No. 3: Any reference to the 2011 meeting.

This MIL was **WITHDRAWN**. Amazon withdrew this MIL from consideration. (Dkt. No. 307 at 218:12-14).

- Amazon's MIL No. 4: Characterizations of "stealing," "copying," "pirating," "trespassing," or any similar terms.

This MIL was **GRANTED-IN-PART**. The Court precludes the above or similar terms, with the single exception of "copying." (Dkt. No. 307 at 219:10-11).

- Amazon's MIL No. 5: Argument or suggestion that Amazon learned of the patented invention from former Li Creative employee, Wei Li.

This MIL was **DENIED**. The Court did not find that such argument or suggestion was excludable under Federal Rule of Evidence 403. (Dkt. No. 307 at 220:23-221:1).

- Amazon's MIL No. 6: Argument or suggestion that Amazon hired Wei Li to learn about Li Creative's technology or that the hiring was improper.

This MIL was **GRANTED-AS-AGREED**. (Dkt. No. 307 at 221:13-15). The Parties agreed and the Court orders that they not argue or suggest that Amazon hired Wei Li to learn about Li Creative's technology or that the hiring was improper. (*Id.* at 221:7-12).

- Amazon's MIL No. 7: Reference to other litigation or settlements.

This MIL was **GRANTED-AS-AGREED**. (Dkt. No. 307 at 221:22). The Parties agreed and the Court orders them not to reference other litigation or settlements. (*Id.* at 221:17-19).

- Amazon's MIL No. 8: Reference to other legal issues involving Amazon or its officers, directors, or employees.

This MIL was **GRANTED-AS-AGREED**. (Dkt. No. 307 at 222:5-6). The Parties agreed and the Court orders them not to reference other legal issues involving Amazon or its officers, directors, or employees. (*Id.* at 221:24-222:4).

- Amazon's MIL No. 9: Reference to the unavailability of any witness who does not testify.

This MIL was **GRANTED**. (Dkt. No. 307 at 223:23-24). The Court noted that, if a critical witness was unexpectedly unavailable, the Parties could seek leave of Court prior to discussing that absence (or any witness's absence) before the jury. (*Id.* at 223:25-224:4).

- Amazon's MIL No. 10: Inflammatory or misleading statements about the "clear and convincing" evidence standard or a presumption of validity, beyond the Court's jury instructions.

This MIL was **GRANTED-IN-PART** and **DENIED-IN-PART**. (Dkt. No. 307 at 225:2, 225:14-16). The Court will not allow discussion of the Texas Family Code standard of proof except for a high-level inquiry of the venire panel into whether a venire member has had a circumstance in his or her family where a child was removed from a home. (*Id.* at 224:12-23). However, the Court precludes any mention that the clear and convincing evidence standard applied to those kinds of facts. (*Id.* at 224:24-225:1). The Court denied the MIL with regard to mentioning the presumption of validity. (*Id.* at 225:14-16).

- Amazon's MIL No. 11: Any reference to the Accused Products': (a) total revenue or profit; or (b) revenue from before issuance of the RE '049 Patent.

This MIL was **GRANTED-IN-PART** and **DENIED-IN-PART**. (Dkt. No. 307 at 228:5-8, 234:9-17). The Court denied the MIL as to total revenue and profit of the accused products. (*Id.* at 228:5-7). The Court granted the MIL as to total revenue or profits of Amazon. (*Id.* at 228:7-8). The Court denied the MIL as to the temporal issue, permitting Plaintiff's expert to testify regarding the damages period applicable in light of the Court's granting of partial summary judgment as to pre-suit indirect infringement. (*Id.* at 232:1-22). Further, the expert reports must stand on their own. (*Id.* at 234:9-10).

- Amazon's MIL No. 12: Reference to the Accused Products' total DEV.

This MIL was **DENIED**. (Dkt. No. 307 at 236:2). The Court noted that the proper way to raise the issue would have been a motion to strike, which Defendants did not file, and that experts are limited to the bounds of their reports. (*Id.* at 235:23-236:1, 236:3-4).

- Amazon's MIL No. 13: Opinion testimony relying on unreliable hearsay from a third-party stock analyst.

This MIL was **DENIED**. (Dkt. No. 307 at 238:10-11). However, the Court noted that experts cannot testify so as to parrot unreliable, unconfirmable third-party hearsay statements directly to the jury. (*Id.* at 237:20-238:8).

- Amazon's MIL No. 14: Evidence or argument based on Apple's company-wide profit margins.

This MIL was **WITHDRAWN**. Amazon withdrew this MIL from consideration. (Dkt. No. 307 at 238:12-14).

- Amazon's MIL No. 15: Expert testimony on opinions or facts not disclosed in the expert report.

This MIL was **WITHDRAWN**. Amazon withdrew this MIL from consideration. (Dkt. No. 307 at 238:12-14).

- Amazon's MIL No. 16: Reference, testimony, or argument that Amazon meets with other companies or startups about investing, then launches competing products, or any investigation of such conduct.

This MIL was **GRANTED-IN-PART** and **DENIED-IN-PART**. (Dkt. No. 307 at 242:25-243:1-5). The Court granted this MIL as to the *Wall Street Journal* article, which quotes Plaintiff's counsel Mr. Fabricant, but denied this MIL as to Jeff Bezos's testimony before Congress and a general discussion of Amazon's meetings with other companies. (*Id.* at 242:25-243:5, 246:4-15). The Court further **GRANTED** Amazon leave to file this MIL past the deadline. (*Id.* at 243:12-13).

**So ORDERED and SIGNED this 30th day of September, 2020.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE